IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| CYNTHIA D. WOODS, | ) | CASE NO.5:18-CV-01928-WHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Cynthia D. Woods under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income.[2] Because the ALJ's no disability finding lacks the support of substantial evidence, this matter is reversed and remanded for further administrative proceedings consistent with this opinion.

## Issue Presented

This case presents the following issue for review:

- The ALJ assigned partial weight to the opinion of Dr. Mannos, Woods's treating physician.[3] Does substantial evidence support the ALJ's weight assignment?

---

[1] ECF No. 21. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 10, Transcript ("Tr.") at 24.

# Analysis

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[4]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[5] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[6]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

---

[4] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).
[5] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).
[6] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

The primary and dispositive challenge in this case goes to Woods's residual functional capacity ("RFC") to the extent that the ALJ's finding did not include a limitation on Woods's ability for fine and gross manipulation to occasional.

Woods's treating source, Dr. Mannos, opined that Woods had moderate limitations in her ability to handle.[7] The ALJ gave Dr. Mannos's opinion partial weight.[8] In doing so, the ALJ did not discuss Woods's capability to handle.[9] The ALJ also gave the opinions of the state agency reviewing physicians partial weight.[10] These sources opined that Woods had no manipulative limitations.[11] But again, this weight assignment comes with no discussion of those limitations.

Under the "holistic" approach, I reviewed the ALJ's discussion of the medical evidence outside the "unified" statements of the weight assigned to the opinions of Dr. Mannos and the state agency reviewing physicians. The only references arguably relevant to manipulative limitations are the mention of a carpal tunnel syndrome diagnosis, a normal EMG test performed early in the relevant time period (*i.e.*, more than two years before Dr. Mannos's opinion), and the use of wrist splints.[12] These references do not explain why the ALJ chose to adopt frequent as opposed to occasional limitations on manipulation.

The lack of explanation or discussion concerning the basis for the RFC findings regarding Woods's ability to manipulate has controlling significance in this case because

---

[7] Tr. at 1544.
[8] *Id.* at 24.
[9] *Id.*
[10] *Id.*
[11] *Id.* at 171, 206.
[12] *Id.* at 23.

3

of the vocational expert's ("VE") testimony. In response to a hypothetical incorporating the limitations ultimately included in the RFC finding, the VE identified only sedentary jobs.[13] When confronted with an alternative hypothetical by Woods's counsel incorporating occasional manipulation limitations, the VE responded that no jobs would exist.[14]

The ALJ must build an "accurate and logical bridge" from the evidence to the conclusion[15] and must identify specific discrepancies between the treating source opinion and the medical evidence that explains why "the treating physician's conclusion gets the short end of the stick."[16] The ALJ failed to give good reasons why Dr. Mannos's opinion as to manipulative limitations received only partial weight. The VE's testimony identifying no existing jobs under those limitations underscored the necessity that the ALJ needed to do more than generally refer to treatment notes and clinical findings.[17]

My admonition and recommendation from *Smith v. Commissioner of Social Security*[18] bears repeating:

> But, given the Sixth Circuit's continuing, unvaried insistence over the past 10 years on compliance with the "good reasons" requirement in the regulations as a mandatory procedural protection, it appears not too much to ask the ALJs to provide adequate, unified statements with good reasons supporting the weight assigned to treating physician opinions. Perhaps the

---

[13] *Id.* at 63-66.
[14] *Id.* at 67.
[15] *Hale v. Colvin*, No. 3:13cv00182, 2014 WL 868124, at *8 (S.D. Ohio 2014).
[16] *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010).
[17] *See Hale*, 2014 WL 868124, at *5.
[18] No. 5:13cv870, 2014 WL1944247, at *8 (N.D. Ohio May 14, 2014).

following language will provide useful direction toward achieving such statements:

> [Medical source], a treating physician, has given an opinion [summarize opinions as to diagnosis, severity, and limitations (as applicable)]. I do not give that opinion controlling weight because I find it not well supported by clinical and laboratory diagnostic techniques [citation to record evidence in support of the finding with explanation of reasons] and inconsistent with other substantial evidence in the administrative record [citation to record evidence in support of the finding with explanation of reasons]. I assign that opinion [specific weight assignment]. [Identification of the applicable factors in 20 C.F.R. §§ 1527(c)(2)(i)-(ii) and (c) (3)-(6) and citation to record evidence in support of the finding with explanation of reasons].[19]

Because I find that remand is required for proper analysis of Dr. Mannos's opinion, I do not reach the other issues Woods raises on judicial review.

## Conclusion

The ALJ's no disability finding lacks substantial evidence. This matter is reversed and remanded for further administrative proceedings consistent with this opinion. On remand, the ALJ must properly address the limitations opined by Dr. Mannos – specifically, Woods's limitations in manipulation – in the RFC analysis.

IT IS SO ORDERED.

Dated: June 26, 2019                  s/ William H. Baughman, Jr.
                                                                  United States Magistrate Judge

---

[19] *Id.* (internal citations omitted).